# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| TASHA BETANCOURT | Case Number: DPAE2:11CR000631-001 |
| | USM Number: 60748-066 |
| | Rossman D. Thompson, Esq. |
| | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    1 thru 14

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 21:846 | CONSPIRACY TO OBTAIN CONTROLLED SUBSTANCES BY FRAUD | 02/22/2011 | 1 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 08/02/2010 | 2 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 08/28/2010 | 3 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)        ☐ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 10, 2012
Date of Imposition of Judgment

*Signature of Judge*

CC: MARY CRAWLEY, AUSA
ROSSMAN THOMPSON ESQ
PROBATION- M. MAIER
PRETRIAL
MARSHAL
FCY
FISAMZ

Mary A. McLaughlin, United States District Judge
Name and Title of Judge

10/11/12
Date

DEFENDANT: TASHA BETANCOURT
CASE NUMBER: DPAE2:11CR000631-001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 09/07/2010 | 4 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 11/02/2010 | 5 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 11/06/2010 | 6 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 12/29/2010 | 7 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 12/31/2010 | 8 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 01/05/2011 | 9 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 01/05/2011 | 10 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 01/12/2011 | 11 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 01/18/2011 | 12 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 02/01/2011 | 13 |
| 21:843(a)(3) and 18:2 | OBTAINING CONTROLLED SUBSTANCES BY FRAUD AND AIDING AND ABETTING | 02/07/2011 | 14 |

DEFENDANT: TASHA BETANCOURT
CASE NUMBER: DPAE2:11CR000631-001

# PROBATION

The defendant is hereby sentenced to probation for a term of:

4 YEARS ON EACH OF COUNTS 1 THRU 14 TO RUN CONCURRENTLY WITH EACH OTHER FOR A TOTAL OF 4 YEARS PROBATION.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TASHA BETANCOURT
CASE NUMBER: DPAE2:11CR000631-001

## ADDITIONAL PROBATION TERMS

THE DEFENDANT IS TO SERVE 60 DAYS OF PROBATION IN HOME CONFINEMENT WITH ELECTRONIC MONITORING TO BE SERVED AT THE DISCRETION OF THE U.S. PROBATION OFFICE AND DEFENDANT IS SUBJECT TO THE STANDARD CONDITIONS OF HOME CONFINEMENT. THE PROBATION OFFICE IS TO PAY THE COST OF HOME CONFINEMENT.

THE DEFENDANT SHALL REFRAIN FROM THE ILLEGAL POSSESSION AND/OR USE OF DRUGS AND SHALL SUBMIT TO URINALYSIS OR OTHER FORMS OF TESTING TO ENSURE COMPLIANCE. IT IS FURTHER ORDERED THAT THE DEFENDANT SHALL PARTICIPATE IN DRUG TREATMENT AND ABIDE BY THE RULES OF ANY SUCH PROGRAM UNTIL SATISFACTORILY DISCHARGED.

THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH PROGRAM FOR EVALUATION AND/OR TREATMENT AND ABIDE BY THE RULES OF ANY SUCH PROGRAM UNTIL SATISFACTORILY DISCHARGED.

DEFENDANT: TASHA BETANCOURT
CASE NUMBER: DPAE2:11CR000631-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 1,400.00     | $ 0      | $ 0             |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
|               |             |                     |                        |
| TOTALS        | $ 0         | $ 0                 |                        |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TASHA BETANCOURT
CASE NUMBER: DPAE2:11CR000631-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  X  Lump sum payment of $ 1,400.00 due immediately, balance due

    ☐ not later than _____ , or
    X in accordance  ☐ C,  ☐ D,  ☐ E, or  X F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:
    THE SPECIAL ASSESSMENT IS DUE IMMEDIATELY.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.